IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BENJAMIN C. BROOKS, | CV 18-44-M-DLC-JCL |
| Plaintiff, | |
| | ORDER, and FINDINGS |
| vs. | AND RECOMMENDATION |
| MISSOULA COUNTY DETENTION FACILITY MAIL STAFF; CORRECTIONAL OFFICER HARRIS; and SGT.TERA TACKETT #549, | |
| Defendants. | |

Plaintiff Benjamin Brooks, appearing pro se, commenced this action by filing his complaint and a motion to proceed in forma pauperis. The Court granted Brooks' motion under authority of 28 U.S.C. § 1915(a).

Section 1915 requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or

1

(B) the action or appeal–

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Brooks' pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## I. Background

In 2017 Brooks was incarcerated at the Missoula County Detention Facility. On August 11, 2017, Defendant Tera Tackett, an officer at the detention facility, allegedly withheld Brooks' "legal mail" from him. Although he characterizes the mail as "legal mail", Brooks clarifies that "Tackett violated my rights to receive law work by mail sent from home[.]" (Doc. 2 at 6.) Brooks asserts he needed the legal materials to assist his attorney in defense of criminal charges pending against him. He alleges Tackett's conduct "injured my defense in my suppression case." (Doc. 2 at 8.) As the apparent justification for withholding the mail, Tackett informed Brooks that inmates were not permitted to receive "mail sent in that's printed from a computer." (Doc. 2 at 6.) Brooks contends, however, that no such

2

rule actually existed within the facility's policies.

Brooks next alleges Tackett "violated my right[] […] to use the law

library[]" to assist in his defense of the pending criminal charges. (Doc. 2 at 6.) But

Brooks does not provide any further factual information relative to his use of the

law library and any alleged interference with that use that Tackett may have

imposed.

Brooks also alleges that on November 9, 2017, Defendant Correctional

Officer Harris delivered Brooks' "legal mail" that had already been opened.

Brooks asserts Harris informed him he opened the "legal mail" in front of another

inmate named Michael Brooks and allowed Michael Brooks to read it. Brooks

contends Harris's conduct could have placed him in danger by allowing Michael

Brooks to release information from that mail to the general population at the

detention facility. Brooks alleges the released information regarding his criminal

defense strategy could have also been relayed to the prosecutors in his criminal

case.

Brooks contends Tackett and Harris' conduct violated his First Amendment

rights to receive legal mail and have that mail opened only in his presence. He also

asserts that Tackett's alleged interference with Brooks' use of the law library

contravened his right of access to the courts. Next Brooks claims Tackett and

Harris's conduct interfered with his Sixth Amendment right to the assistance of counsel in the criminal proceedings pending against him. Finally, he alleges Tackett and Harris are liable for negligence.

Brooks' claims under the United States Constitution are cognizable under 42 U.S.C. § 1983, and they invoke the Court's federal question jurisdiction as provided at 28 U.S.C. § 1331. And pursuant to 28 U.S.C. § 1367(a) the Court possesses supplemental jurisdiction over Brooks' related negligence claims advanced under Montana law.

## II. Discussion

Because Brooks is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## A. Denial of Mail

Regardless of whether the mail Tackett handled on August 11, 2017, was actually "legal mail", or just mail he was to receive from "home" as he states, Brooks' allegations assert Tackett withheld mail from him.[1]  And Tackett did so on the basis that a purported rule prohibits inmates from receiving mail printed from a computer.

An incarcerated person has a protected First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Nonetheless, prison administrators may adopt restrictions which impinge upon an inmate's right to receive mail as long as the restriction is "reasonably related to legitimate penological interests[]" such as "security, order, and rehabilitation." *Id*. (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987) and citing *Procunier v. Martinez*, 416 U.S. 396, 412 (1974)). In *Turner*, the Supreme Court identified various factors the courts should consider in making the necessary reasonableness inquiry applicable to the regulation of incoming inmate mail. *Thornburgh v. Abbott*, 490 U.S. 401, 414-418 (1989).

Under the circumstances alleged by Brooks, the Court concludes his

---

[1] "Legal mail" that is entitled to greater protections under the First Amendment is only that which is sent between prisoners and their attorneys. *Smith v. Jovanovich*, 2017 WL 1403330, *3 (D. Mont. 2017).

allegation that Tackett withheld his mail from him at least states a claim for relief subject to the required reasonableness inquiry. *See Smith v. Jovanovich*, 2017 WL 1403330, *3 (D. Mont. 2017) (concluding the withholding of mail from an inmate states a claim for relief). And without more information about the limitation on incoming mail on which Tackett relied to withhold Brooks' mail, the Court cannot conclude the restriction satisfies the reasonableness inquiry. Thus, the Court will serve Brooks' First Amendment claim and his related negligence claim on Tackett for her response.

## B. Opening Legal Mail

Brooks alleges Harris opened is "legal mail" outside his presence, and instead opened the mail in the presence of another inmate, Michael Brooks. And Harris allowed Michael Brooks to read that mail.

Brooks' allegations implicate his First Amendment right to have properly marked legal mail opened only in his presence. *See Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017). But Brooks' factual allegations supporting his claim establish Harris's conduct was merely negligence. The allegations suggest Harris mistakenly determined Brooks' legal mail was for inmate Michael Brooks, and therefore he opened the legal mail in Michael Brooks' presence. Harris apparently realized his mistake and then delivered the mail to

Brooks and explained to Brooks that he had opened it in the presence of Michael

Brooks. Brooks expressly alleges Harris was negligent in opening the mail in the

presence of the wrong inmate – Michael Brooks.

Section 1983 liability requires proof that a defendant's deliberate or

affirmative act or omission caused the unconstitutional deprivation. *Harry A. v.*

*Duncan*, 351 F. Supp. 2d 1060, 1072 (D. Mont. 2005) (citing *Stevenson v. Koskey*,

877 F.2d 1435, 1439 (9th Cir. 1989)). *See Daniels v. Williams*, 474 U.S. 327, 330-

332 (1986) (concluding mere negligent conduct is insufficient for a claim under §

1983 alleging a violation of due process). In general, a lack of due care, or

negligence, is not a proper basis for liability under 42 U.S.C. § 1983 and, therefore,

an incident involving an prison employee's conduct in opening mail outside the

presence of an inmate which amounts only to negligence is not actionable under

section 1983. *Porter v. Hill*, 2009 WL 1220576, *4 (D. Ore. 2009).

Based on the forgoing, the Court finds Brooks' allegations against Harris

assert only that Harris acted negligently by opening Brooks' legal mail in the

presence of another inmate also named Brooks. Harris's negligence in that regard

does not state a section 1983 claim for relief under the First Amendment, and the

claim is subject to dismissal.

## C. Law Library – Access to the Courts

As noted, Brooks makes a brief suggestion that Tackett interfered with his right to use the law library at the Missoula County Detention Facility. But the claim is subject to dismissal.

An inmate has a First Amendment right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right supports claims involving an inmate's right to affirmative assistance, and the right to litigate without active interference. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), overruled on other grounds as stated in *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

To state a claim for the denial of a right of access to the courts, plaintiffs must allege sufficient facts showing that "(1) a nonfrivolous legal attack on their conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) they have suffered an actual injury as a result." *Ellison v. Montana Wardens*, 2017 WL 9324794, *4 (D. Mont. 2017) (citing *Lewis v. Casey*, 518 U.S. 343, 349 and 353-55 (1996)). The actual injury element requires an inmate to demonstrate a defendant's conduct actually "hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. The relevant "legal claims" the right protects are limited to an inmate's direct appeal from the conviction for which the inmate is incarcerated, habeas corpus petitions, or civil rights actions under 42 U.S.C. § 1983

to vindicate basic constitutional rights. *Id*. at 354. Absent allegations in a pleading of an "actual injury" to the ability to pursue a legal claim, an inmate's claim for denial of access to the courts is subject to dismissal. *Gosnell v. Strommen*, 2017 WL 2671933, *2 (D. Mont. 2017).

Here Brooks presents a bare allegation that Tackett violated his right "to use the law library." (Doc. 2 at 6.) He does not present any further facts describing what Tackett did, or did not do to violate his asserted right. And more importantly, Brooks does not allege he suffered any actual injury as a result of Tackett's undescribed conduct. Therefore, Brooks' access to the courts claim should be dismissed.

As an alternative ground for dismissal, the Court concludes Brooks' access to the courts claim is barred under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the United States Supreme Court established that a plaintiff cannot prosecute a section 1983 action for damages if the success of those claims would necessarily imply that his existing criminal conviction or sentence is invalid. Specifically, before a plaintiff can pursue a section 1983 claim that would render a criminal conviction or sentence invalid, the plaintiff must establish that the conviction or sentence has already been invalidated through an appropriate legal action, such as through a direct appeal of the conviction or other available legal

avenues for collateral attack. *Heck*, 512 U.S. at 486-87. Therefore, to determine

whether *Heck* operates to preclude a section 1983 action, the court must consider

whether a ruling in favor of the plaintiff:

> would necessarily imply the invalidity of his conviction or sentence; if it
> would, the complaint must be dismissed unless the plaintiff can demonstrate
> that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. *See Szajer v. City of Los Angeles*, 632 F.3d 607, 610-11

(9th Cir. 2011) (affirming dismissal of section 1983 action that would, if successful,

invalidate the plaintiff's criminal conviction).

Though Brooks does not elaborate on his claim alleging that Tackett violated

his right to use the law library, all of his factual allegations in this case revolve

around Defendants' alleged interference with his ability to defend himself in the

criminal proceedings that were pending against him while he was incarcerated at

the Missoula County Detention Facility. A ruling in Brooks' favor as to his access

to the law library to assist in his criminal defense would necessarily imply that the

criminal prosecution against him, and his resulting conviction and sentence are

invalid. The substance of that claim is precisely what *Heck* prohibits a plaintiff

from pursuing in a section 1983 action.

Furthermore, Brooks does not allege that his criminal conviction or sentence

has already been reversed through some other legal action or appeal. Thus, *Heck*

bars Brooks' access to the courts claim, and the claim must be dismissed. *See*

*Spangler v. Wend*, 2013 WL 811408, \*1 (W.D. Wash. 2013) (dismissing a claim of

the denial of access to the courts as *Heck*-barred).

### D. Right to Counsel

Brooks' allegations against Tackett and Harris assert that their alleged

conduct in withholding his mail from him, and opening and disclosing his attorney-

client privileged communications to others, interfered with his Sixth Amendment

right to the assistance of counsel. He contends Defendants disclosed confidential

criminal strategy information, and deprived him of materials he needed to aid and

assist his counsel in his defense of the criminal proceedings pending against him at

the time.

Undisputedly, the Sixth Amendment entitles the criminally accused to an

opportunity to consult with his or her counsel. *Escobedo v. State of Illinois*, 378

U.S. 478, 490-91 (1964). *See also House v. Mayo*, 324 U.S. 42, 46 (1945)

overruled on other grounds by *Hohn v. United States*, 524 U.S. 236 (1998). Under

the Sixth Amendment a defendant has the right to participate in his or her defense,

and the Amendment retains for the defendant his or her autonomy to decide

substantive objectives of the defense. *McCoy v. Louisiana*, ___ U.S. ___, 138 S.

Ct. 1500, 1508 (2018).

But even assuming the scope of Brooks' Sixth Amendment right encompasses his right to maintain the confidential nature of his attorney-client communications, and his right to the possession of materials which he needs to share with his attorney to assist in his criminal defense, the claims are directly tied to his ability to defend himself against the criminal charges that were pending against him while he was incarcerated at the Missoula County Detention Facility. Thus the success of his claims would necessarily imply the invalidity of his criminal conviction or sentence and, therefore, the claims are barred pursuant to *Heck*. The claims should be dismissed.

### E. Supplemental Jurisdiction – State Law Claims

Federal law grants courts supplemental jurisdiction over claims advanced under state law "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Because the Court possesses federal question jurisdiction over Brooks' First Amendment claim against Tackett for her conduct in withholding his mail on August 11, 2017, the Court will accept supplemental jurisdiction over his related negligence claim arising from that same conduct. Thus the Court will serve the First Amendment and negligence claims on Tackett.

But all of Brooks' other claims of negligence stem from Brooks' allegations challenging Harris' unrelated conduct which occurred on November 9, 2017, and Tackett's unrelated conduct in allegedly denying Brooks use of the law library. Harris's subsequent conduct and the law library use issues are unrelated to Tackett's conduct in withholding mail on August 11, 2017, in that those incidents do not "form part of the same case or controversy" involved in Tackett's mail withholding conduct on August 11, 2017, as required under section 1367(a). Therefore, the Court recommends dismissal of all of Brooks' remaining claims of negligence for lack of jurisdiction.

## III. Conclusion

Based on the forgoing, IT IS HEREBY RECOMMENDED that Brooks' following claims be DISMISSED:

1. Brooks' negligence claim and access to the court's claim under the First Amendment predicated upon Tackett's conduct in allegedly denying him use of the law library;

2. Brooks' negligence claim and Sixth Amendment claim predicated upon Tackett's conduct in withholding his mail and Harris's conduct in disclosing attorney-client communications; and

3. Brooks' negligence claim and First Amendment claim predicated upon

Harris's conduct in opening Brooks' legal mail outside his presence.

But as discussed, Brooks' negligence claim and his First Amendment claim based on Tackett's conduct in withholding mail from him state claims upon which relief could be granted if successful on their merits. Those claims will be served on Tackett.

Because Brooks is proceeding in forma pauperis, the Court is required to "issue and serve all process" in his case. 28 U.S.C. § 1915(d). He is entitled to have his complaint and summons served by the United States Marshal, or otherwise served by the Court. Fed. R. Civ. P. 4(c)(3). Accordingly, the Court will serve Brooks' complaint on Tackett as directed herein, and the Court will request that Tackett waive formal service of process.

Based on the foregoing, the Court enters the following:

## ORDER

1.    Pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(d), the Court requests that Tackett waive service of summons by executing the attached Waiver of Service of Summons.

The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing for this Order. If Defendant returns the Waiver of Service of Summons, an answer or appropriate motion will

be due from her within 60 days after this request for waiver was sent as reflected

on the Notice of Electronic Filing for this Order, pursuant to Fed. R. Civ. P. 4(d)(3)

and 12(a)(1)(A)(ii).

2. The Clerk of Court shall forward the documents listed below to Tackett

and the Missoula County Attorney as follows:

Sgt. Tera Tackett
Missoula County Detention Facility
2340 Mullan Road
Missoula, Montana 59808

Kirsten Pabst
Missoula County Attorney
200 W. Broadway St.
Missoula, MT 59802

  * this Order;

  * a Notice of Lawsuit & Request to Waive Service of Summons;

  * a Waiver of Service of Summons; and

  * Brooks' Complaint filed February 26, 2018.

Counsel for Defendant must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R.

12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to

give the Court information, such information must be presented in the form of a

notice. The Court will not consider requests made or information presented in letter

form.

4.    Pursuant to Fed. R. Civ. P. 5(a), all documents presented for the Court's

consideration must be simultaneously served in the manner required by Fed. R.

Civ. P. 5(b). Each party shall comply with the Certificate of Service requirements

set forth in Fed. R. Civ. P. 5(d). The certificate of service must state the date on

which the document was deposited in the mail and the name and address of the

person to whom the document was sent. The sender must sign the certificate of

service.

5.    Brooks shall not make any motion for default until at least seventy (70)

days after the date of this Order.

6.    Brooks shall notify the Court immediately if his address changes.

Failure to do so may be cause for dismissal of this case without further notice.

7.    Brooks is advised that his failure to comply with the Court's orders may

result in a recommendation that this case be dismissed with prejudice pursuant to

Fed. R. Civ. P. 41(b). He is advised that the Court may dismiss this case under

Rule 41(b) on its own motion without awaiting a defense motion. *See, e.g.*, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 14th day of August, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge