

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BENJAMIN C. BROOKS,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY DETENTION FACILITY MAIL STAFF; CORRECTIONAL OFFICER HARRIS; and SGT. TERA TACKETT #549,<br><br>Defendants. | CV 18-44-M-DLC-JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Order and Findings and Recommendations on August 14, 2018, recommending that the Court dismiss three of Benjamin C. Brooks's claims pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 7.) Brooks failed to timely object to the Findings and Recommendations, and so waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews for clear error those findings and recommendations to which no party objects. *See Thomas v. Arn*, 474 U.S. 140, 149–53 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been made." *Wash. Mut., Inc. v. United States*, 856 F.3d 711, 721 (9th Cir. 2017)

(citation omitted).

Having reviewed the Findings and Recommendation (Doc. 7), the Court finds no clear error in Judge Lynch's conclusions that certain of Brooks's claims do not give rise to a viable cause of action under 42 U.S.C. § 1983. First, as for Brooks's claim that Defendant Harris opened Brooks's mail in front of another inmate and shared it with that inmate, the claim is premised in Brooks's alleged negligence, and there is no clear error in the finding that § 1983 imposes a higher standard of culpability than mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330–32 (1986). Second, Brooks has not raised a violation of his First Amendment right of access to the courts because he has not alleged that Defendant Tacket "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

However, the Court disagrees that Brooks has not alleged a violation of his Sixth Amendment right to counsel. Because Brooks is not "challenging a conviction following an improper intrusion into the attorney-client relationship," he need not demonstrate that "the violation caused prejudice requiring the reversal of the conviction." *Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014). Rather, Brooks brings a civil rights lawsuit, and binding precedent establishes that it is enough for a § 1983 plaintiff to plausibly allege that an official's intentional conduct "chilled" the plaintiff's "right to privately confer with counsel." *Id.*

Thus, to the degree that Brooks's Sixth Amendment claim arises from Tackett's intentional conduct (and not Harris's merely negligent conduct), the claim may proceed. The Court notes that its ruling presents little functional difference for the parties. Tackett has been served and is on notice of Brooks's First Amendment and negligence claims arising from the same alleged conduct that gives rise to the Sixth Amendment claim.

Accordingly, IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 7) are ADOPTED IN PART and REJECTED IN PART. The following claims are DISMISSED:

(1) Brooks's negligence claim and First Amendment access to the courts claim predicated upon Tackett's conduct in allegedly denying him use of the law library;

(2) Brooks's negligence claim and Sixth Amendment Claim predicated upon Harris's conduct in disclosing attorney-client communications; and

(3) Brooks's negligence and First Amendment Claim predicated upon Harris's conduct in opening Brooks's legal mail outside his presence.

DATED this 24th day of October, 2018.

Dana L. Christensen, Chief Judge
United States District Court