IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BENJAMIN C. BROOKS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY DETENTION FACILITY MAIL STAFF; CORRECTIONAL OFFICER HARRIS; and SGT.TERA TACKETT #549,<br><br>　　　　Defendants. | CV 18-44-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

  Plaintiff Benjamin Brooks is appearing pro se in this action. His complaint advances claims arising from events which allegedly occurred when he was incarcerated at the Missoula County Detention Facility.

  Defendant Tera Tackett, an officer at the Detention Facility, moves for summary judgment dismissing Brooks' claims advanced in this action under 42 U.S.C. § 1983. Tackett asserts that Brooks failed, as required by 42 U.S.C. § 1997e(a), to exhaust the administrative remedies available to him at the Detention Facility relative to the subject matter of this action. Brooks has not filed either a brief, a statement of disputed facts, or evidentiary materials in response to the

1

motion.

Tackett's motion is filed under Fed. R. Civ. P. 56(a) which entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

In 2017 Brooks was incarcerated at the Missoula County Detention Facility. On August 11, 2017, Tackett, while working as an officer at the detention facility, allegedly withheld Brooks' mail from him in violation of his rights protected under the First Amendment to the United States Constitution. Brooks further alleges that Tackett's conduct interfered with his Sixth Amendment right to the assistance of counsel. Finally, Brooks asserts Tackett is liable under state law for her negligence in withholding his mail and interfering with his right to assistance of counsel.

Brooks' claims under the United States Constitution are cognizable under 42 U.S.C. § 1983, and thus he properly invokes the Court's federal question jurisdiction as provided at 28 U.S.C. § 1331. And pursuant to 28 U.S.C. § 1367(a)

the Court possesses supplemental jurisdiction over Brooks' related negligence claims advanced under Montana law.

Tackett's motion for summary judgment requests dismissal of Brooks' claims pursuant to 42 U.S.C. § 1997e(a) which prohibits a prisoner from bringing a section 1983 action until after "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). This exhaustion requirement is mandatory (*Woodford*, 548 U.S. at 85), and absent exhaustion of administrative remedies before the prisoner commences the action the case is subject to dismissal without prejudice. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

The exhaustion requirement in § 1997e(a) requires a plaintiff to give an agency a fair and full opportunity to adjudicate a claim. *Woodford*, 548 U.S. at 90. This means the plaintiff must complete the available administrative remedy process by "using all steps that the agency holds out[.]" *Id*. (citation and quotation omitted). The inmate must complete all steps of the administrative remedies and appeals available to him. *Lasalle-Pitre v. Mercado-Cuevas*, 839 F. Supp. 2d 471, 475 (D.P.R. 2012) (citing *Woodford*). "To satisfy the exhaustion requirement, a prisoner ordinarily must exhaust his administrative appeals to the highest available level of review[.]" *Collier v. Brown*, 635 F. Supp. 2d 1144, 1151 (C.D.C. 2009).

3

The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Once the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted).

Brooks was incarcerated at the Crossroads Correctional Center in Shelby, Montana at the time he filed this action. (Doc. 2 at 4 of 10). Therefore, he was a "prisoner" for purposes of the exhaustion requirements. 42 U.S.C. § 1997e(h).

With respect to the issue of Tackett's conduct in allegedly withholding Brooks' mail in violation of the First Amendment, Brooks filed a grievance concerning the matter with the Missoula County Detention Facility. (Doc. 21 at ¶ 18.) That same grievance also included his complaint that Tackett's conduct violated his right to legal counsel protected under the Sixth Amendment. (Doc. 20-

1 at 12 of 18.) His grievance was denied for procedural reasons. (Doc. 21 at ¶ 23.)

Tackett has submitted a copy of the grievance procedures employed at the Missoula County Detention Facility. The procedures provide that "[i]f the inmate indicates he intends to appeal [the denial of his grievance, then] he will receive an appeal form, and [the inmate] has three days to file the appeal." (Doc. 20-1 at 18 of 18.)

Tackett states that when she returned the denied grievance to Brooks he indicated he did not wish to appeal. (Doc. 21 at ¶ 25.) And Brooks did not appeal the denial of his grievance, nor did he file another grievance pertaining to the matters of which he complains. (Doc. 21 at ¶¶ 25-26.)

Based on the foregoing, the undisputed facts provided by Tackett establish that Brooks did not exhaust his administrative remedies at the Missoula County Detention Facility because he did not appeal the denial of the grievance he submitted regarding the subjects of his legal claims advanced in this action as required by section 1997e(a). And because Brooks has not responded to Tackett's summary judgment motion he has not submitted any evidentiary material suggesting that he did exhaust his remedies. Therefore, Brooks' claims under 42 U.S.C. § 1983 are subject to dismissal for failure to exhaust administrative remedies.

As noted, Brooks' allegations advance claims of negligence under Montana law. But since the Court recommends dismissal of all of his federal claims, i.e. his claims under 42 U.S.C. § 1983, the Court further concludes it should exercise its discretion to decline supplemental jurisdiction over his remaining state law claims.

Federal law provides that where a district court has original jurisdiction in a civil action it shall also have supplemental jurisdiction over other claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). However, the district court may decline to exercise supplemental jurisdiction for various reasons stated in the statute, including when "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Supplemental jurisdiction under 28 U.S.C. § 1367(a) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors[...] including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims[.]" *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Brooks' claims under Montana law are matters of state and local concern, and should be resolved, in the first instance, by the courts of the State of Montana.

Therefore, because the Court recommends dismissal of Brooks' federal claims, the Court should decline to exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(c)(3).

Based on the foregoing, IT IS HEREBY RECOMMENDED that Tackett's motion for summary judgment be GRANTED, and this action be DISMISSED without prejudice.

If the presiding District Judge adopts this recommendation, then the Clerk of Court should be directed as follows:

1. Close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

2. Make a docket entry reflecting that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS, AND OF CONSEQUENCES OF FAILURE TO OBJECT

Brooks may file objections to these Findings and Recommendations within

fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This recommendation is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of April, 2019.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Brooks is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.